IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY E. WALKER, ) <br> ) <br> Plaintiff(s), ) <br> ) <br> vs. ) <br> ) <br> JULIANA RAMOS GRADILLAS, et ) <br> al., ) <br> ) <br> Defendant(s). ) <br> ) | No. C 09-2845 CRB (PR) <br><br> ORDER OF DISMISSAL |

Plaintiff, a prisoner at the California Medical Facility and frequent litigant in federal court, has filed a pro se civil rights complaint under 42 U.S.C. § 1983 alleging various wrongdoing in connection with his state criminal prosecution.

**DISCUSSION**

A.   Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." Id. § 1915A(b). Pro se pleadings must be liberally construed. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

B.     Legal Claims

Plaintiff alleges that Juliana Ramos Gradillas falsely accused him of raping her and falsely testified against him at trial. He also alleges that Gradillas' boyfriend Isaih Logan and detective Ken Stocker also falsely testified against him at trial. Plaintiff further alleges that prosecutor Marianne Barrett defamed him at trial, and presented false and perjured testimony against him, and that defense attorney Ken Quigley failed to defend him properly.

Gradillas and Logan must be dismissed because private individuals do not act under color of state law, an essential element of a § 1983 action. See Gomez v. Toledo, 446 U.S. 635, 640 (1980). There is no right to be free from the infliction of constitutional deprivations by private individuals. See Van Ort v. Estate of Stanewich, 92 F.3d 831, 835 (9th Cir. 1996). And they, along with Stocker, must be dismissed on the further ground that witnesses are absolutely immune from damages under § 1983 for their testimony in court proceedings. See Briscoe v. LaHue, 460 U.S. 325, 329-46 (1983); Holt v. Castaneda, 832 F.2d 123, 127 (9th Cir. 1987).

Barrett must be dismissed because prosecutors are absolutely immune from damages under § 1983 for their conduct as advocates during the initiation of a criminal case and its presentation at trial. See Buckley v. Fitzsimmons, 509 U.S. 259, 272-73 (1993); Imbler v. Pachtman, 424 U.S. 409, 431 (1976). And Quigley must be dismissed because defense attorneys do not act under color of state law, an essential element of a § 1983 action, when performing a lawyer's

2

traditional functions, such as entering pleas, making motions, objecting at trial, cross-examining witnesses, and making opening and closing arguments.  See Polk County v. Dodson, 454 U.S. 312, 318-19 (1981); see also Simmons v. Sacramento County Superior Court, 318 F.3d 1156, 1161 (9th Cir. 2003) (attorneys in private practice are not state actors).

## CONCLUSION

For the foregoing reasons, the complaint is DISMISSED for failure to state claim under the authority of 28 U.S.C. § 1915A(b).

The clerk shall enter judgment in accordance with this order, terminate all pending motions as moot, and close the file.

SO ORDERED.

DATED:   08/06/09

CHARLES R. BREYER
United States District Judge

G:\PRO-SE\CRB\CR.09\Walker, J1.dismissal.wpd

3